UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
FIDO'S FENCES, INC.,

        Plaintiff,

-against-

THE CANINE FENCE COMPANY,

        Defendant.
----------------------------------------------------X

MEMORANDUM AND ORDER

CV 08-754

(Wexler, J.)

APPEARANCES:

    LAW OFFICES OF P.B. TUFARIELLO, P.C.
    BY: PANAGIOTA BETTY TUFARIELLO, ESQ.
    Attorneys for Plaintiff
    25 Little Harbor Road
    Mt. Sinai, NY 11766

    FINN DIXON & HERLING
    BY: PATRICK J. MCHUGH, ESQ.
    Attorneys for Defendant
    177 Broad Street
    Stamford, CT 06901-2048

    LARUSSO & CONWAY, LLP
    BY: JOSEPH P. CONWAY, ESQ.
    Attorneys for Defendants
    300 Old Country Road Suite 341
    Mineola, NY 11501

WEXLER, District Judge

    Plaintiff, Fido's Fences, Inc. ("Fido's") seeks injunctive relief against Defendant, The Canine Fence Company ("Canine"). The court held oral argument and has received and reviewed further briefing on the issues raised. Upon consideration of the argument and

documents submitted the court holds, for the reasons set forth below, that preliminary injunctive must be denied.

## BACKGROUND

Canine is the exclusive distributor of an electronic enclosure system for animals known as the "Invisible Fence System." Fido's and Canine were parties to an agreement pursuant to which Fido's was granted the rights to market, sell and install Canine's Invisible Fence System. The parties' original distribution contract was dated June 30, 1989. That contract was replaced by a contract dated December 1, 1996 (the "1996 Contract"). The 1996 Contract, which has been renewed, to date, contains several provisions relevant to this motion. Specifically, it provides for termination upon written notice if, <u>inter alia</u>, Fidos' defaults in payment and/or fails to conform to Canine's credit terms or policies. The parties' agreement further provides that upon termination of the dealership, neither party is entitled to "any compensation or reimbursement for loss of prospective profits, anticipated sales or other losses occasioned by termination of the relationship." In addition to the terms referred to above, the 1996 Contract contains a non-compete provision. This section of the agreement provides that a terminated dealer shall not, without the written consent of Canine, engage in a competing invisible barrier type of business for a two year period following termination of the agreement. Finally, the 1996 Contract provides that no custom or practice at variance with its terms shall constitute a waiver of Canine's rights under the agreement.

In May of 2007, Fido's was informed that it owed Canine in excess of $77,000. Fido's was further informed that over $26,000 of that amount was in excess of twenty days past due. Thereafter, on May 25, 2007, Canine sent notice to Fido, and its other dealers, that it intended to

2

enforce the payment terms and conditions of its dealer contract. In September of 2007, Fido's remained in violation of the credit terms of its agreement with Canine. At that time, over $19,000 (of the more than $69,000 due to Canine), was in excess of thirty days overdue. By December of 2007, over $40,000 was past due from Fido's to Canine.

Documents before the court indicate that Canine repeatedly informed Fido's of the delinquency of its account, but Fido's failed to bring the account up to date in an accord with the 1996 Contract. On January 17, 2008, Fido's requested that Canine provide it with equipment, but also advised Canine that it could not pay for that equipment. Canine refused to provide any additional equipment or credit to Fido's. Fido's was given five days in which to bring its account with Canine up to date. Still, over $20,000 remained past due and owing to Canine. While Canine did not terminate the 1996 Contract at that time, it did put Fido's account "on hold," and refused to supply additional material to Fido's. Canine continues to refuse to supply equipment to Fido's, but has expressed that it will continue its business relationship with Fido's if it brings its account up to date. Instead of paying Canine the money owed, Fido's commenced this action seeking injunctive relief. Fido's motion seeks to require Canine to continue to do business with Fido's and/or to allow Fido's to do business with a competitor of Canine.

## DISCUSSION

Injunctive relief is an extraordinary remedy that is properly granted only if the party seeking relief establishes: (1) that absent the relief requested, it will suffer irreparable harm, and either (a) that it will likely succeed on the merits or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips decidedly in favor of the moving party. MyWebGrocer, LLC v. Hometown Info.,

Inc., 375 F3d. 190, 192 (2d Cir. 2004); North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38, 43 (2d Cir. 1999).

Plaintiff has not demonstrated its entitlement to injunctive relief. Most importantly, Plaintiff cannot show irreparable harm. This is a breach of contract case that can compensated by money damages. Moreover, despite the fact that Canine appears to have the right to terminate its agreement with Fido's, Canine has stated that it does not seek to terminate the contract. It seeks only to be paid past amounts due before continuing to do business with Fido's. Fido's does not argue that it owes nothing to Canine. Instead, it argues that it should continue to be able to do business with Canine, because of the parties' past performance. Fido's position is not only contrary to the terms of the 1996 Contract, but would result in an undue hardship to Canine, which would be required to continue to do business with Fido's despite the fact that Fido's owes Canine a substantial amount of money.

Under these circumstances the court holds that Plaintiff fails to show irreparable harm. To the extent that the court weighs the balance of hardships, that balance weighs in favor of Defendant. For the foregoing reasons, Plaintiff's request for a preliminary injunction is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
May 22, 2008