

# INTELLECTULAW
# LAW OFFICES OF P.B. TUFARIELLO, P.C.
### ATTORNEYS AT LAW

P.B. TUFARIELLO
24yellow@optonline.net
betty@intellectulaw.com

25 LITTLE HARBOR ROAD • MT. SINAI, NEW YORK 11766
TELEPHONE 631-476-8734 • FAX 631-476-8737

SPECIALIZING IN PATENTS,
TRADEMARKS,
COPYRIGHTS, AND ALL
MATTERS RELATED
THERETO

January 16, 2009

**VIA ELECTRONIC FILING**

Honorable Magistrate Judge William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  **FIDO'S FENCES INC. v. THE CANINE FENCE COMPANY
CASE NO: CV-08-754; Our File No: 7212-1**

Dear Magistrate Judge Wall:

We represent the Plaintiff Fido's Fences, Inc. (hereinafter "Fido's Fences") in the matter referenced herein above.

Pursuant to Fed. R. Civ. P. 37(a), Local Civ. R. 37.3, your Honor's Rules, and for the reasons set forth below, we are writing to respectfully request, pray, and move the Court for an Order compelling Defendant to: a) file with the Court, for the Court's authorization, the Parties' Confidentiality Agreement and Stipulated Protective Order, in connection with the deposition of non-party DogWatch, Inc.; b) file with the Court, for the Court's authorization the second of Parties' Confidentiality Agreement and Stipulated Protective Order, in connection with the present matter, sent by us to Mr. McHugh, on January 9, 2009, via Express Mail, No. EH 404815086 US; c) release to us what Defendant has previously identified as Documents for "ATTORNEYS' EYES ONLY", CF 00001-CF00028; d) provide to us proper copies of documents CF00054-CF00064, CF00072, CF00073, CF00075 and CF 00079-CF00082; e) in connection with Defendant's documents already produced, i.e. CF 00029-00118, provide to us a breakdown of which documents correspond to which responses, so that we can properly evaluate and object if necessary; f) provide us with a Privilege Log reflecting all of the documents Defendant has not turned over on the basis of privilege, or alternatively withdraw any and all objections based on privilege; g) supplement its original paltry submission of 118 sheets of documents in response to a total of 74 Document Requests; h) produce documents responsive to Plaintiff's Second Request of Documents by no later than Friday, January 23, 2009; and (i) provide dates for the depositions of the individuals already noticed.

The Parties' Confidentiality Agreement and Stipulated Protective Order in connection

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

The Honorable Magistrate Judge Wall
January 16, 2009
Page 2

with the Deposition of Dogwatch Inc. was entered into on Friday December 19, 2008. It is now a month later, and it still has not been filed with the Court, despite representations that it would be. Similarly, the parties' Second Confidentiality Agreement and Stipulated Protective Order in connection with controlling discovery between the parties in this matter, has also not been filed with the Court, notwithstanding that it was sent to Mr. McHugh on January 9, 2009 (*see* Letter to McHugh (w/o enclosure) annexed hereto as **Exhibit 1** ) and despite his representations that it would be filed as soon as it was received.

Notwithstanding the fact that both parties have agreed to abide by the Parties Confidentiality Agreement and not to show "ATTORNEYS' EYES ONLY" documents to our co-counsel, Jennifer Coden, Esq., pending the Court's decision on this matter on January 21, 2009, Defendant continues to refuse to produce documents CF00001-CF00028. As for documents CF00054-CF00064, CF00072, CF00073, CF00075 and CF 00079-CF00082, they have been improperly copied, the text therein is shifted, or missing, or is unintelligible. Despite our requests for new copies, preferably before our depositions, Defendant has yet to comply.

Fido's Fences served its First Request for Documents on Defendant on August 27, 2008. Defendant's deadline to respond to such requests was September 26, 2008. Defendant unilaterally and arbitrarily missed that deadline. Instead, in flagrant disregard of the Rules of this Court, it provided its responses almost 3 months later, on November 6, 2008. On December 23, 2008 (after undersigned became active on the case), we sent a letter to counsel setting forth all the reasons for which their November 6, 2008, submissions were specious and unresponsive. A copy of said letter is annexed hereto as **Exhibit 2**.

On December 31, 2008, Defendant served us with approximately 70 sheets pf paper allegedly responsive to 74 requests for documents, and allegedly representing a 19 year relationship between the parties. They included a simple cover letter to us and were seriously deficient. For example, in response to one of the requests for all of the Agreements between Plaintiff and Defendant, they produced only one, when in fact there are at least two, and numerous annual modifications to the Agreements, relating to credit policies and pricing.

On January 12, 2009, we objected to the form, manner and paucity of Defendant's document submission CF 00001-00118, and requested the Defendant supplement its initial disclosures. Annexed hereto as **Exhibit 3** is our January 12, 2009 letter which sets forth our explanation and the basis for our objections. Defendant has yet to comply with our request for supplemental submissions.

Finally, Defendant has yet to provide us with dates during which we can take the depositions of the individuals already noticed, notwithstanding our January 8, 2009 letter to Defendant's counsel that they do (*see* January 8, 2009 Letter to McHugh annexed hereto as **Exhibit 4**).

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

The Honorable Magistrate Judge Wall
January 16, 2009
Page 3

      On January 15, 2009, we served Defendant with a Second Set of Requests for Documents. In accordance with the Rules, Defendant's deadline to respond coincides with the end of discovery. If Defendant in fact produces the documents at the end of the time provided by the Rules, it will severely prejudice Fido's Fences, partly because Fido's Fences will not have the documents during the time it conducts depositions, partly because Fido's Fences will not have the opportunity to engage in any follow-up, and partly because its Expert, Mr. Don Smith, of whom the Defendant has already been notified, needs the documents to issue his report in a timely fashion. Accordingly, we respectfully request that the Court order Defendant to produce documents responsive to Fido's Fences Second Request for Documents, by no later than Friday, January 23, 2009.

      In accordance with the Rules, Fido's Fences has attempted to resolve these issues numerous times. (*See* **Exhibit 3**, January 12, 2009 Letter, last paragraph). To date, Defendant has not responded.

      For the foregoing reasons, good cause exists for issuing an Order Compelling Defendant to properly respond to all of the foregoing, and such is respectfully requested and prayed for.

Respectfully Submitted

*Panagiota Betty Tufariello*

Panagiota Betty Tufariello

cc:    Patrick J. McHugh, Esq.
        Richard Gora, Esq.
        Fido's Fences, Inc.

# EXHIBIT 1



# INTELLECTULAW
# LAW OFFICES OF P.B. TUFARIELLO, P.C.
### ATTORNEYS AT LAW

P.B. TUFARIELLO
24yellow@optonline.net
betty@intellectulaw.com

25 LITTLE HARBOR ROAD • MT. SINAI, NEW YORK  11766
TELEPHONE 631-476-8734 • FAX 631-476-8737

SPECIALIZING IN PATENTS,
TRADEMARKS,
COPYRIGHTS, AND ALL
MATTERS RELATED
THERETO

January 9, 2009

**EXPRESS MAIL**

Patrick J. McHugh Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2689

        Re:        **FIDO'S FENCES INC.,**
                      a New York Corporation,
                      v.
                      **THE CANINE FENCE COMPANY,**
                      a Connecticut Corporation.
                      **CASE NO: 08-CV-754**
                      **Our File No: 7212-2**

Dear Patrick:

      Annexed hereto please find 3(three) originals of the Parties' CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER; two for your records and for filing with the Court respectively, and one for you to sign and return to us for our own files.

      Accordingly, please sign one where indicated and return it to us as soon as possible. Further, please confirm filing of the Agreement with the Court at your earliest convenience.

      Of course, we have both agreed that notwithstanding that fact that it has yet to be so ordered by the Court, it is the intention of both of our clients to be bound by this agreement.

                                      Very Truly Yours,
                                      /S/ PBT
                                      Panagiota Betty Tufariello

PBT:ic
cc:    Richard Gora, Esq. (w/o enclosures)
       Fido's Fences (w/o enclosures)

# EXHIBIT 2

Case 2:08-cv-00754-LDW-AKT   Document 76   Filed 01/16/09   Page 6 of 15 PageID #: 1365

# INTELLECTULAW
# LAW OFFICES OF P.B. TUFARIELLO, P.C.
## ATTORNEYS AT LAW

**P.B. TUFARIELLO**
24yellow@optonline.net
betty@intellectulaw.com

25 LITTLE HARBOR ROAD • MT. SINAI, NEW YORK 11766
TELEPHONE 631-476-8734 • FAX 631-476-8737

SPECIALIZING IN PATENTS,
TRADEMARKS,
COPYRIGHTS, AND ALL
MATTERS RELATED
THERETO

December 23, 2008

**VIA FACSIMILE(203)325-5001**
**CONFIRMATION VIA E-MAIL**
**AND FIRST CLASS MAIL**

Patrick J. McHugh Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2689

Re:   **FIDO'S FENCES INC.,**
**a New York Corporation,**
**v.**
**THE CANINE FENCE COMPANY,**
**a Connecticut Corporation.**
**CASE NO: 08-CV-754**
**Our File No: 7212-2**

Dear Mr. McHugh:

We are writing in response to your client, The Canine Fence Company's Responses to Plaintiff Fido's Fences First Request for Production of Documents.

We object to all of Defendant's Responses as totally specious and unresponsive to Plaintiff's First Request for Production of Documents. Further, for the reasons set forth below we hereby reiterate our Requests and demand that the Canine Fence Company immediately respond fully and completely to each and every one of Plaintiff's Requests no later than December 29, 2008:

    a.    As set forth in Fed. R. Civ. P. 34(b)(2)( c) if an objection is raised to each Request (item or category), then the objection "must specify the part **and** permit the inspection of the rest, as set forth in Fed. R. Civ. P. 34 (b)(2)(E)(i), by in fact producing the documents as they are kept in the usual course of business or by organizing them and labeling them to correspond

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Patrick J. McHugh Esq.
Finn Dixon & Herling LLP
December 23, 2008
Page 2

        to the categories in the request." Your client failed to produce any document that could be considered responsive to any of Fido's Fences, Inc.'s Requests. Even more importantly, your client produced nothing at all in response to Plaintiff Fido's Fences Request for Documents; not a single stitch of paper. Thus, your client's Responses to said Requests are not only totally unresponsive but in fact in total violation of Fed. R. Civ. P. 34.

b.    Plaintiff's First Request for Documents was served on The Canine Fence Company on August 27, 2008. According to Fed. R. Civ. P. 34 (b)(2)(A), The Canine Fence Company had until September 26, 2008, to respond to said Requests. The Canine Fence Company did not respond on September 26, 2008. Instead it responded on November 6, 2008, 70 days later. In accordance with Fed. R. Civ. P. 26(c)(1), 70 days was more than adequate time for The Canine Fence Company to confer with Plaintiff Fido's Fences, Inc.'s counsel "in an effort to resolve the objections to the Request" or otherwise move for a Protective Order.

        However, The Canine Fence Company did not. Instead it chose to delay and delay and delay. Thereafter it compounded its dilatory tactics by responding with objections that are totally specious and without merit. Had the third party deponent Dogwatch and its principal Mr. King not insisted that the Parties' Stipulated Protective Order be entered prior to Mr. King's deposition, it is highly unlikely that The Canine Fence Company would have taken any steps to resolve this matter.

c.    Fed. R. Civ. P. 26(b)(5) specifically states that "when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material , the party must (i) expressly make the claim; <u>and</u> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed- and so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

        There are a number of Requests that the Canine Fence Company objected to as seeking information that is privileged or subject to protection as trial-preparation material. However, The Canine Fence Company has failed to

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Patrick J. McHugh Esq.
Finn Dixon & Herling LLP
December 23, 2008
Page 3

        describe the nature of the documents, communications or tangible things not produced or disclosed, or otherwise produce a "PRIVILEGE LOG."

        Accordingly, The Canine Fence Company is in total violation of Fed. R. Civ. P. 26(b)(5) and any objections raised by The Canine Fence Company under Fed. R. Civ. P. 26(b)(5) are totally specious, without merit, and in total violation of Fed.R.Civ.P. 26 (g)(8).

    For all the foregoing reasons, Plaintiff Fido's Fences, Inc. reiterates all of its objections to The Canine Fence's Responses to Plaintiff's First Request of Documents as totally unresponsive and demands that The Canine Fence Company immediately produce all documents responding to said request no later than Monday December 29, 2008; even documents considered a trade secret, since a Protective Order is now of record in the case.

    Your professional courtesies are greatly appreciated.

                           Very Truly Yours,

                           /S/ PBT

                          Panagiota Betty Tufariello

PBT:ic

**EXHIBIT 3**

# INTELLECTULAW
# LAW OFFICES OF P.B. TUFARIELLO, P.C.
## ATTORNEYS AT LAW

P.B. TUFARIELLO
24yellow@optonline.net
betty@intellectulaw.com

25 LITTLE HARBOR ROAD • MT. SINAI, NEW YORK  11766
TELEPHONE 631-476-8734 • FAX 631-476-8737

SPECIALIZING IN PATENTS,
TRADEMARKS,
COPYRIGHTS, AND ALL
MATTERS RELATED
THERETO

January 13, 2009

**VIA FACSIMILE (203) 325 5001**
**CONFIRMATION VIA E-MAIL**
**AND FIRST CLASS MAIL**

Richard S. Gora, Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2689

        Re:      **FIDO'S FENCES INC.,**
                    **a New York Corporation,**
                    **v.**
                    **THE CANINE FENCE COMPANY,**
                    **a Connecticut Corporation.**
                    **CASE NO: 08-CV-754**
                    **Our File No: 7212-2**

Dear Richard:

      We are writing in response to your December 31, 2008 letter and THE CANINE FENCE COMPANY's document submissions accompanying same, in response to our client's Request for Documents served on August 27, 2008.

      I.      As we indicated to you in our January 12, 2008, letter to Patrick, we strongly object to The Canine Fence Company's demands vis-a-vis Jennifer Coden, Esq. Accordingly, we reiterate our request that they withdraw such demand by the end of today, or we will have to take this issue up with the Court.

            If they do not and until such time as the Court rules on this issue, we agree to abide by the Protective Order which we already signed and sent to you for filing with the Court and The Canine Fence Company's demand regarding Jennifer Coden. Accordingly, and in view of our agreement, and

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Richard Gora, Esq.
Finn Dixon & Herling LLP
January 13, 2009
Page 2

> because we do not have much time left to complete discovery, we respectfully request that you immediately and without further ado, forward to us all of the "ATTORNEYS' EYES ONLY" documents stamped CF00001-CF00028.

II. Document numbers CF00054-CF00064 and CF00072, CF00073, CF00075 and CF00079-CF00082 have been improperly copied. In some of them the text has been improperly copied, in others part of the text has either shifted or is missing and yet in others there are "holes" punched through text thereby making the contents unintelligible.

> Accordingly, please provide us with new copies thereof.

III. We object to the form and the manner in which these documents were actually produced to us; particularly in view of the very small number of documents produced.

> Federal Rule Civil Procedure 34(b)(E)(i) states that "a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

> In view of the fact that, among other things, the documents have been numbered, we highly doubt that they have been produced as they are usually kept in the course of business. Furthermore, they have not been organized and labeled to correspond to the categories in our client's request. As a result, we are, in no way, able to determine what requests these documents are necessarily responsive to and whether such responses are sufficient or need to be further supplemented by your client.

> Accordingly, we hereby respectfully request that you provide us with a breakdown of which responses the documents correspond to, in accordance with Fed. R. Cir. P. 34, so that we can properly evaluate them.

IV. We respectfully request that your client supplement its responses with all additional documents it has failed to provide to us to date. Common sense dictates that an 18-19 year relationship between parties must comprise many

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Richard Gora, Esq.
Finn Dixon & Herling LLP
January 13, 2009
Page 3

    more documents; certainly more than 118 sheets of paper allegedly responsive to 74 requests for documents. And

V. We respectfully direct your attention to point ( c) of our December 23, 2008, letter to Patrick wherein we demanded a Privilege Log. Once again please provide us with such log or alternatively please confirm that any objections raised by The Canine Fence Company under Fed. R. Civ. P. 26(b)(5) have been withdrawn.

In accordance with the Local Rules of the Eastern District of New York, please consider the foregoing our good faith effort to amicably resolve this issue and come to an understanding between us without Court intervention. However, your failure to comply by the end of Thursday, January 15, 2009 at 5:00 pm, will leave us no other choice but to seek the Court's intervention.

        Very Truly Yours,

        /s/ PBT
        Panagiota Betty Tufariello

PBT:ic

cc: • Patrick McHugh, Esq.
   • Fido's Fences, Inc.

# EXHIBIT 4

# INTELLECTULAW
# LAW OFFICES OF P.B. TUFARIELLO, P.C.
### ATTORNEYS AT LAW

**P.B. TUFARIELLO**
24yellow@optonline.net
betty@intellectulaw.com

25 LITTLE HARBOR ROAD • MT. SINAI, NEW YORK  11766
TELEPHONE 631-476-8734 • FAX 631-476-8737

SPECIALIZING IN PATENTS,
TRADEMARKS,
COPYRIGHTS, AND ALL
MATTERS RELATED
THERETO

January 8, 2009

**VIA FACSIMILE(203)325-5001**
**CONFIRMATION VIA E-MAIL**
**AND FIRST CLASS MAIL**

Patrick J. McHugh Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2689

Re:   FIDO'S FENCES INC.,
a New York Corporation,
v.
THE CANINE FENCE COMPANY,
a Connecticut Corporation.
CASE NO: 08-CV-754
Our File No: 7212-2

Dear Mr. McHugh:

Pursuant to Magistrate Judge Wall's January 5, 2009, Order extending the discovery deadline to February 16, 2009 in the above-captioned case, please provide us with at least two alternate dates and times of when the following individuals are available for depositions: Carol Hill, Henry Hill, Jennifer Hill Connoly, Tracy Scarfi, Tallie Linse and Ruth Frantz.

Please advise if any of the above are no longer with The Canine Fence Company and, if any, please provide us with the last address of record.

Very Truly Yours,

/PBT/S/

Panagiota Betty Tufariello

PBT:ic