UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIDO'S FENCES, INC.,

                              Plaintiff,

                - against -

THE CANINE FENCE COMPANY,

                             Defendant.
------------------------------------------------------------X

**ORDER**

CV 08-754 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Plaintiff moves for a second time to compel Defendant [DE 96] to respond to Plaintiff's Requests for Document Nos. 2, 7, 8, 9 15, 16, 18, 30, 32, 34, 35, 42 and 48. Defendant has filed its opposition to the motion. *See* DE 100. The Court having reviewed the papers submitted by the parties, it is hereby

       ORDERED, that to the extent Defendant has not yet produced documents responsive to Plaintiff's Document Request Nos. 7, 8, 30, 47 and 48, Defendant is directed to produce such documents so that they are in Plaintiff's possession no later than April 23, 2009; and it is further

       ORDERED, that Plaintiff's motion to compel with regard to Document Request Nos. 2, 9, and 15 is DENIED, without prejudice, and with the right to renew. Plaintiff has not demonstrated the specific relevance of the information requested in these demands to Plaintiff's claims in the instant action (including those brought under the Sherman Act § 2 and Clayton Act § 3), other than the very general, conclusory statements contained in its letter motion. Moreover, Plaintiff has failed to break down the requests at issue individually to provide clear argument on why each set of requests is relevant and material to such claims and why Plaintiff should be granted access to information concerning other dealership contracts. If Plaintiff intends to renew

the motion as to these particular demands, counsel must do so no later than April 23, 2009; and it is further

ORDERED, that Defendant's counsel is to contact Plaintiff's counsel no later than April 21, 2009 to arrange for the prompt inspection of the documents relating to the cost of goods/inventory by Plaintiff's expert, limited to the time period commencing on January 1, 2005 and running to the present date.  Further, Defendant is to permit access to such documents to one attorney from the law firm representing Plaintiff and that attorney should be the one who will be working with Plaintiff's counsel on the expert report; and it is further

ORDERED, that Plaintiff's motion to compel with regard to Document Request Nos. 18, 32, 34, 35 and 42, is GRANTED to the following extent.  Defendant is to provide responsive documents limited to the geographic market served by Plaintiff.  The relevant time frame is limited to the period commencing on January 1, 2005 and running to the present date.  These documents are to be served so as to be in the possession of Plaintiff's counsel by April 29, 2009.

**SO ORDERED.**

Dated: Central Islip, New York
April 15, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge